# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Eugene Vickrey,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-13-00221-PHX-SLG (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SHARON L. GLEASON, UNITED STATES DISTRICT JUDGE:

　　Petitioner Michael Eugene Vickrey, who is confined in the Arizona State Prison Complex – Eyman, Meadows Unit, in Florence, Arizona, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). For the reasons that follow, the Court recommends that the petition be denied and dismissed.

## BACKGROUND

　　On March 13, 2008, Petitioner was indicted by a grand jury in the Pinal County Superior Court ("Superior Court"), Case No. CR 2008-00470, charging him with one count (Count I) of molestation of a child, and one count (Count II) of sexual conduct with a minor, both dangerous crimes against children. (Doc. 11-1, Exh. A.)[1] The underlying

---

[1] *See also* Arizona Judicial Branch Public Access Case Information for Case No. CR 2008-00470, found at http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (*last visited* May 9, 2014), which has been attached to this Report and Recommendation ("Attach. 1") *See Wyatt v. Terhune,* 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003) (public records may be judicially noticed to show that a judicial proceeding occurred or that a

facts of the charges were summarized as follows:

> In 2007, Vickrey, who was then twenty-seven years old, began a relationship with M.H., a fourteen-year-old girl who lived two houses away. In the winter of 2007, M.H. visited Vickrey in his room several times. On one occasion, he placed his hands under M.H's clothes and touched her genitals, while she simultaneously touched his genitals.

(Doc. 11-1, Exh. A.)[2] On June 9, 2009, trial commenced, and a jury returned guilty verdicts on both counts on June 12, 2009. (Doc. 11-1, Exh. A; Doc. 11-1 at 16, Exh. B; Attach 1.) On September 25, 2009, Petitioner was sentenced to an 11-year term of imprisonment for the first count, and a consecutive 20-year term of imprisonment for the second count. (Doc. 11-1, Exh. A; Attach 1.)

On October 9, 2009, Petitioner filed a Notice of Appeal. (Doc. 11-1 at 23, Exh. B.) On appeal, Petitioner presented three issues:

> I. Whether Appellant's Conviction is Invalid Because the State Failed to Establish Jurisdiction at Any Point in the Trial
>
> II. Whether the Court Improperly Denied Appellant's Motion to Preclude Wendy Dutton as a Purported Expert Witness
>
> III. Whether Appellant Was Entitled to a Mitigated Sentence on Count Two

(Doc. 11-1 at 23, Exh. B.) In a memorandum decision filed on June 11, 2010, the Arizona Court of Appeals granted review, but denied relief. (Doc. 11-1, Exh. A); *State v. Vickrey*, No. 2 CA-CR 2009-0328, 2010 WL 2348663, (Ariz. Ct. App. 2010). Petitioner did not seek review by the Arizona Supreme Court. (Doc. 11-2, Exh. E.)

On August 24, 2010, Petitioner filed a Notice of Post-Conviction Relief in the Superior Court (Doc. 11-2, Exh. F) and counsel was appointed to represent him. Upon review of the record, counsel filed a notice to the Superior Court that she found no issues

---

document was filed in another court case).

[2] The Court presumes the state court's factual recitation is correct because Petitioner has not contested or "rebut[ed] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

upon which to base a claim for relief, and requested an extension of time for Petitioner to file a *pro se* Petition for Post-Conviction Relief. (Doc. 11-2, Exh. G.) On July 7, 2011, Petitioner filed a Pro Per Petition for Post-Conviction Relief, raising three issues: (1) the state court(s) failure to provide him with a complete copy of the "clerk's file"; (2) his consecutive terms were improper because he had committed one act and that he should have been convicted only of child molestation because "the molestation charge (count 1) in this case makes the sexual conduct charge a lesser included offense to molestation, the sexual conduct conviction must be vacated as it activates the double jeopardy clause"; and (3) his consecutive terms were improper based on A.R.S. § 13–705(M), because the acts involved one victim. (Doc. 11-3, Exh. H.)[3] In an order dated September 14, 2011, the Superior Court dismissed Petitioner's post-conviction relief petition. (Doc. 11-4, Exh. K.) The Superior Court found both claims regarding sentencing precluded under state law because they could have been raised on direct appeal and alternatively, they were without merit. (*Id.*) The Superior Court's decision was silent as to Petitioner's claim concerning his criminal records.

Petitioner filed a Petition for Review in the Arizona Court of Appeals on October 17, 2011. (Doc. 1 at 34-51.)[4] In a memorandum decision filed on December 28, 2011, the Arizona Court of Appeals granted review, but denied relief, reasoning:

> ¶ 3 Rule 32.2(a)(3) provides in relevant part that "[a] defendant shall be precluded from relief under this rule based upon any ground ... waived ... on appeal." The trial court correctly found precluded the sentencing claims Vickrey raised because they could have been raised on appeal. Indeed, Vickrey challenged the sentence on count two on appeal, arguing the trial court should have sentenced him to a mitigated prison term rather than the presumptive, twenty-year term. *Vickrey*, No. 2 CA–CR 2009–0328, ¶ 12. Thus, although he could have challenged the propriety of the

---

[3]  Petitioner emphasized that he was "not challenging[] either finding of guilt, but [was] challenging the fact[] that the sentencing court" improperly sentenced him. (Doc. 11-3 at 8, Exh. H.)

[4]  *See also* Arizona Court of Appeals Division Two Case Information for Case No. 2 CA-CR 2011-0318-PR, found at: http://www.apltwo.ct.state.az.us/ODSPlus/caseInfolast.cfm?caseID=122649 (*last visited* May 9, 2014), which has been attached to this Report and Recommendation ("Attach. 2")

3

consecutive terms as well, he failed to do so. On review Vickrey has not argued, much less persuaded us, that the court erred in finding the claims raised in the pro se petition precluded.

¶ 4 Although the trial court was not required to address the merits of Vickrey's petition, it did so in any event. The court found Vickrey had committed more than one act, distinguishing *State v. Ortega*, 220 Ariz. 320, 206 P.3d 769 (App. 2008), which Vickrey had relied on in his petition. The court also rejected Vickrey's argument that consecutive terms were improper based on § 13–705(M). The court was correct. The two charges alleged in the indictment, child molestation and sexual conduct with a minor, were based on two entirely independent, separate acts, albeit acts committed on one occasion in December 2007. Even assuming the two acts occurred simultaneously, count one was based on Vickrey having had the victim fondle his penis and count two was based on his having digitally penetrated the victim's vagina. Although § 13–705(M) allows concurrent sentences for child molestation or sexual abuse under certain circumstances, this provision requires the imposition of consecutive prison terms when the defendant has committed child molestation or sexual abuse together with "any other dangerous crime against children," which is what occurred here. *See State v. Tsinnijinnie*, 206 Ariz. 477, ¶¶ 11, 13, 80 P.3d 284, 286 (App.2 003) (analyzing materially identical language of former A.R.S. § 13–604.01(K)).

¶ 5 In *Ortega*, the defendant had penetrated the victim's vulva with his penis and that act served as the basis for a charge of sexual conduct with a minor. 220 Ariz. 320, ¶¶ 3, 5, 27, 206 P.3d at 771, 772, 778. But the penetration itself, rather than a separate touching, was also the basis for a molestation charge. *Id.* Thus, the court concluded the defendant could not receive two convictions based on the same act because it would result in his conviction for both the greater and lesser offense. Id. ¶¶ 24–25. Here, however, as we previously stated, Vickrey committed two separate acts. The trial court did not err when it initially imposed the sentence nor has Vickrey established the court misinterpreted or misapplied the law, thereby abusing its discretion, when it denied his petition for post-conviction relief. *See State v. Burgett*, 226 Ariz. 85, ¶ 1, 244 P.3d 89, 90 (App. 2010) (noting "abuse of discretion includes an error of law"). We, therefore, grant the petition for review but deny relief.

(Doc. 11-4, Exh. M); *State v. Vickrey*, No. 2 CA-CR 2011-0318-PR, 2011 WL 6916544 (Ariz. Ct. App. 2011). In March 2012, Petitioner filed a Petition for Review, which the Arizona Supreme Court summarily denied on August 2, 2012. (Doc. 1 at 18-32; Attach. 2.)

On August 1, 2012, Petitioner filed a second Notice of Post-Conviction Relief (Doc. 11-5, Exh. O) and a Petition for Post-Conviction Relief (Doc. 11-4, Exh. P). Petitioner raised one issue, "the deprival of the Petitioner's right to a copy of the complete file." (Doc. 11-4 at 7, Exh. P.) In an order filed on August 9, 2012, the Superior Court summarily dismissed the Notice and Petition, finding "Petitioner ha[d] filed a successive and untimely Notice of Post-Conviction Relief and Petition for post-Conviction Relief which d[id] not comply with the requirements of Rule 32.2(2)." (Doc. 11-4, Exh. Q.) On October 9, 2012, Petitioner filed a Petition for Review. (Doc. 11-4, Exh. R.) In a memorandum decision filed on December 13, 2012, the Arizona Court of Appeals granted review, but denied relief, reasoning in relevant part:

> ¶ 2 In the petition for post-conviction relief Vickrey filed in August 2012 simultaneously with his notice of post-conviction relief, he asserted he had been "deprived of [his] right to a copy of the complete file," referring to minute entry orders entered in July 2011 in the initial post-conviction proceeding. Vickrey's counsel in that proceeding had filed a notice stating she had found no colorable claim to raise and had requested that Vickrey be permitted to file a pro se petition. Vickrey seems to be asserting in this proceeding that he never received a copy of his complete case file even though the trial court had ordered counsel to provide it to him, and that he had been required to file his pro se petition in the first proceeding before he ever was able to obtain that complete file.
>
> ¶ 3 The trial court dismissed the notice and the petition in this proceeding, finding the successive notice was untimely and that the petition failed to comply with the requirements of Rule 32.2(b). In his petition for review, Vickrey reasserts the claim he raised in the petition, again contending he was not provided with a copy of his complete file and re-questing that he be permitted to file a "subsequent" petition for post-conviction relief once he has had an opportunity to review his complete file. Vickrey has not established the trial court abused its discretion by summarily dismissing the petition on the basis of preclusion pursuant to Rule 32.2.
>
> ¶ 4 Although the trial court's ruling is correct, we point out that the claim Vickery raised in this proceeding was not cognizable under Rule 32.1. In addition, his complaints were addressed in the first post-conviction proceeding by the court's rulings related to Vickery's requests for production of his file. Vickery presumably was referring to that proceeding when he complained in his successive petition for post-conviction relief he had been required to file his pro se

> petition without access to a complete file. Any complaints about matters regarding the production of Vickery's file that remained unresolved in the first proceeding could not be raised in a new post-conviction proceeding. Rather, such complaints had to be raised in the same proceeding about which he is complaining and either in the petition for review that followed the denial of postconviction relief - to challenge the orders denying Vickery's requests for his file - or, perhaps, in a special action petition - to challenge the denial of Vickery's motion for an order to show cause regarding contempt against trial counsel. *See Elia v. Pifer*, 194 Ariz. 74, ¶ 30, 977 P.2d 796, 802 (App.1998) (acknowledging generally that "orders adjudicating whether a person should be held in contempt for refusing to obey a court order are ... reviewable in appropriate circumstances by special action").

(Doc. 1 at 14-17); *State v. Vickrey*, No. 2 CA-CR 2012-0421-PR, 2012 WL 6218486 (Ariz. Ct. App. 2012). Petitioner did not seek review by the Arizona Supreme Court.

On February 1, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In his petition, Petitioner raises two grounds for relief:

> GROUND ONE: Did the State Courts correctly apply the Double Jeopardy Clause of the Constitution, be it federal or state . . . as well as various federal case laws…
>
> GROUND TWO: Was the Petitioner's right to possess a copy of his complete file prior to filing an appeal violated?

(Doc. 1 at 6-7.) Respondents filed a Limited Answer (Doc. 11), arguing that Petitioner failed to exhaust his claims in state court and they are procedurally barred from review. Petitioner filed a Reply (Doc. 17) maintaining the contrary.

**DISCUSSION**

**I.   Applicable Law**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[5] 28 U.S.C. §

---

[5] The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

2244.

### A. Standard for Habeas Relief

Under AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). It follows that, "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784 (2011). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington*, 131 S.Ct. at 786.

In applying this standard, the federal habeas court reviews "the last reasoned state court decision addressing the claim in question." *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). A state court decision adjudicated a claim "on the merits" where it resolved the substance of the claim rather than relied on a procedural or other non-substantive ground. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). *But see Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted."). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for

the state court to deny relief" under 28 U.S.C. § 2254(d). *Harrington*, 131 S.Ct. at 784. "Therefore, when the state court does not supply reasoning for its decision, we are instructed to engage in an independent review of the record and ascertain whether the state court's decision was objectively unreasonable. Crucially, this is not a *de novo* review of the constitutional question. Rather, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (internal quotations and citations omitted).

Under 28 U.S.C. § 2254(d)(1), "clearly established Federal law" refers to holdings of the Supreme Court in effect at the time the state court rendered its decision. *Greene v. Fisher*, __ U.S. __, 132 S.Ct. 38, 44 (2011); *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) ("A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court."). "If Supreme Court cases give no clear answer to the question presented, it cannot be said that the state court unreasonably applied clearly established Federal law. In other words, it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court.'" *Hedlund v. Ryan*, __ F.3d __, 2014 WL 1622765, *3 (9th Cir. April 24, 2014) (internal citations, quotations and brackets omitted). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "For a 'federal court to find a state court's application of [Supreme Court] precedent unreasonable, the state court's decision must have been more than incorrect or erroneous.'" *Hernandez v. Holland*, __F.3d __, 2014 WL 1622766, *5 (9th Cir. April 24, 2014) (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Instead, the application must have been "'objectively unreasonable.'" *Id.* "AEDPA thus precludes a federal court from granting habeas relief if 'fairminded jurists

could disagree' whether the state court incorrectly applied federal Supreme Court precedent. *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Under 28 U.S.C. § 2254(d)(2), a state court's decision is based on unreasonable determination of the facts if its "findings are 'unsupported by sufficient evidence,' if the 'process employed by the state court is defective,' or 'if no finding was made by the state court at all.' *Hernandez*, 2014 WL 1622766 at *9 (quoting *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)). *See also Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). *See Maxwell v. Roe*, 628 F.3d 486, 500 (9th Cir. 2010), *cert. denied,* __ U.S. __, 132 S.Ct. 611 (2012); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). A federal court in a habeas corpus proceeding must accord a presumption of correctness to a state court's factual findings. 28 U.S.C. § 2254(e)(1). However, "where the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable." *Milke v. Ryan*, 711 F.3d 998, 1008 (9th Cir. 2013) (quoting *Taylor*, 366 F.3d at 1001).

With regard to either exception under § 2254(d), "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, ___ U.S. ___, 131 S.Ct. 13, 16 (2010) (original emphasis) (quoting 28 U.S.C. § 2254(a)). In other words, federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Federal courts accept a state court's interpretation of state law "and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). A habeas petitioner also cannot "transform a state law issue into a federal one by merely asserting a violation of due process." *Poland*

9

*v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford*, 110 F.3d at 1389). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006).

### B. Exhaustion and Procedural Bar

A federal court may not grant habeas relief under AEDPA if the petitioner has failed to exhaust his claim in state court. 28 U.S.C. § 2254(b)(1) & (c); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

First, a petitioner must present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 848. A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them" either on direct appeal or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Second, if a petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See e.g., Roettgen,* 33 F.3d at 38 (holding that petitioner failed to exhaust state remedies when he presented claim in the state habeas petition instead of Arizona Rule 32 post-conviction proceeding).

In addition to presenting a claim in the proper forum and vehicle, to satisfy the exhaustion requirement, "a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 711 F.3d 1026, 1041 (9th Cir.

2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009). *See also Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).  In presenting the factual basis of a claim, a petitioner need not present "every piece of evidence supporting his federal claims," but must "provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotation marks and citation omitted); *Baldwin v. Reese,* 541 U.S. 27, 28 (2004). In presenting the legal basis of a claim, a petitioner must alert the state court to the fact that he is asserting a federal claim and cite to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) ("Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law") *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (finding "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial" is insufficient); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (finding a mere reference to the "Constitution of the United States" does not preserve a federal claim).

If a petitioner fails to fairly and fully present his federal claim in state court, and returning to state court would be "futile" because the state courts' procedural rules would bar consideration of the claim, the claim is procedurally defaulted and is barred from federal review. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). *See State v. Mata*, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz. R. Crim. P. 32.2(a) & (b); 32.1(a)(3) (post-conviction review is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v.*

*Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). This type of procedural default is known as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

A claim may also be procedurally defaulted and barred from federal review if it was actually raised in state court, but found by that court to be defaulted on an adequate and independent state procedural ground, such as waiver or preclusion. *Beard v. Kindler*, 558 U.S. 53 (2009); *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). Arizona courts have been consistent in their application of procedural default rules. *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Ariz. R. Crim. P. 32.2(a) is an adequate and independent procedural bar); *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("Arizona Rule of Criminal Procedure 32.2(a)(3) is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim."); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008).

A procedurally defaulted claim may not be barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101 (quoting *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546). *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook*, 538 F.3d at 1027 (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 fn. 13.

Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

**II. Application**

    **A. Ground One**

In Ground One, Petitioner argues that his consecutive sentences violate double jeopardy principles because child molestation is a lesser-included offense of sexual conduct with a minor, citing to *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Petitioner's claim in Ground One was presented in his first round of state post-conviction proceedings. His claim was raised before the Superior Court and presented on appeal to the Arizona Court of Appeals. (*See* Doc. 11-3 at 52, Exh. J; Doc. 1 at 37-39.) Although both courts found the claim was precluded, they both also considered its merits. (*See* Doc. 11-4, Exhs. K and M.) Therefore, contrary Respondents' assertion, Petitioner properly exhausted his claims in Ground One. *See Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (if the highest state court considers the merits of the claim, then

exhaustion is satisfied); *Greene v. Lambert*, 288 F.3d 1081, 1087-88 (9th Cir. 2002) (holding that petitioner exhausted claim by presenting it in motion for reconsideration to Washington Supreme Court where court considered merits of claim).

In turning to the merits, Petitioner has not shown that the state court's rejection of this claim was contrary to, or involved an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts. The Double Jeopardy Clause protects criminal defendants from multiple convictions and punishments for the same offense. U.S. Const. amend. V. *See also Witte v. United States*, 515 U.S. 389, 395-96 (1995) (the guarantee against double jeopardy protects against: (1) a second prosecution for the same offense after acquittal or conviction; and (2) multiple punishments for the same offense). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Thus a defendant may not be convicted for both an offense and its lesser included offense, because they are considered the "same offense" for double jeopardy purposes. *Brown v. Ohio*, 432 U.S. 161, 168 (1977) (concluding conviction for both greater and lesser included offense violates double jeopardy under *Blockburger* test).

In distinguishing Petitioner's case from *State v. Ortega*, 206 P.3d 769 (Ariz. Ct. App. 2008), the Arizona Court of Appeals found that the imposition of consecutive sentences did not violate double jeopardy principles. The Arizona Court of Appeals found that in Petitioner's case, unlike in *Ortega*,[6] "[t]he two charges alleged in the indictment, child molestation and sexual conduct with a minor, were based on *two entirely independent, separate acts*, albeit acts committed on one occasion in December 2007." (Doc. 11-4 at 20, Exh. M) (emphasis added). The charge of molestation of a child

---

[6] "In *Ortega*, the defendant had penetrated the victim's vulva with his penis and that act served as the basis for a charge of sexual conduct with a minor. But the penetration itself, rather than a separate touching, was also the basis for a molestation charge. Thus, the court concluded the defendant could not receive two convictions based on the same act because it would result in his conviction for both the greater and lesser offense." (Doc. 11-4 at 21, Exh. M (internal citation omitted).)

was "based on Vickrey having had the victim fondle his penis," and the charge of sexual conduct with a minor "was based on his having digitally penetrated the victim's vagina." *Id.* The Arizona Court of Appeals' denial of relief based on these facts without further analysis of the statutory elements under *Blockburger* was not objectively unreasonable. *See Blockburger*, 284 U.S. at 302 (stating that where there is a factual distinction between the transactions, the offenses are not continuous). Because Petitioner's convictions each rested on specific and distinct conduct, Petitioner was not punished twice for the same offense under any statute. *See United States v. Lynn,* 636 F.3d 1127, 1137 (9th Cir. 2011) ("the government must allege and prove distinct conduct underlying each charge, whether the conduct underlying each charge occurred on the same or different dates"). The Court therefore concludes that neither the Arizona Court of Appeals' reasoning nor result was contrary to Supreme Court precedent. Accordingly, the Court will recommend that Ground One be denied.[7]

### B. Ground Two

In Ground Two, Petitioner argues that he was deprived of his right to a complete copy of his criminal records on appeal and/or in post-conviction relief proceedings. Petitioner presented this claim in his first post-conviction relief proceedings. Petitioner argued that he had "diligently attempted to secure a copy of the complete clerk's file, all to no avail." (Doc. 11-3 at, Exh. H.) While he was provided with certain items, "portions of the trial transcripts were removed, such as jury instructions, voir dire, opening and closing arguments, [etc.]... The defendant is at a severe disadvantage without these. Once

---

[7] Additionally, the imposition of consecutive sentences does not violate the Double Jeopardy Clause where the legislature has authorized such sentences. *See Whalen v. United States*, 445 U.S. 684, 688 (1980). To any extent that Petitioner may argue that his consecutive sentences were improper based on an application of A.R.S. § 13–705(M), such claim is not cognizable on federal habeas corpus review. A state-law sentencing claim is not subject to federal habeas corpus review. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (finding that petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (holding that "claim regarding merger of convictions for sentencing is exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding."); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (refusing to consider alleged errors in violation of state sentencing law).

secured, the defendant may opt to make an additional filing, once items are reviewed." (Doc. 11-3 at, Exh. H.)

While Petitioner presented this claim to the Superior Court, he did not raise it before the Arizona Court of Appeals. Therefore, Petitioner did not give the state courts one complete round of review in his first post-conviction relief proceedings. *See O'Sullivan*, 526 U.S. at 844-45. Petitioner also presented a similar claim in his second post-conviction relief proceedings. However, that claim was found to be untimely and precluded from review. Therefore, Petitioner's claim is procedurally defaulted. *See Jones,* 691 F.3d at 1101.

A return to state court to present Petitioner's claims would be futile under Arizona's procedural rules. The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, and Petitioner has not shown that any of the exceptions under Rule 32.1 apply to him. *See* Ariz. R. Crim. P. 32.2(b). Petitioner does not offer any reason to excuse the default, nor does the record plainly suggest otherwise. Further, Petitioner has not presented new evidence that justifies review of his procedurally defaulted claim. He does not proffer any evidence or argument of actual innocence, but rather only challenges the constitutional fairness of the sentences he received. Therefore, Petitioner's claim is procedurally barred from federal habeas review.

Petitioner has also not shown there was no reasonable basis for the state court to deny relief. *See* 28 U.S.C. § 2254(b)(2); *Henry*, 720 F.3d at 1084 (court may deny the a habeas claim on the merits, even if petitioner failed to exhaust state remedies); *Runningeagle v. Ryan*, 686 F.3d 758, 777 fn. 10 (9th Cir. 2012); *Padilla v. Terhune*, 309 F.3d 614, 620-21 (9th Cir. 2002); *Gatlin v. Maddling*, 189 F.3d 882, 889 (9th Cir. 1999). An indigent defendant has "a due process right to a record *sufficient* to allow him a fair and full appeal of his conviction." *Ayala v. Wong*, __ F.3d __, 2014 WL 707162, *10 (9th Cir. February 25, 2014) (emphasis added). Thus, a state court's refusal to provide a copy of a record "in the face of a plausible [constitutional] claim," may amount to an

unreasonable application of clearly established Supreme Court precedent. *Boyd v. Newland*, 467 F.3d 1139, 1150 (9th Cir. 2006). However, an indigent defendant is not constitutionally entitled to a copy of his records as of right. *Boyd*, 467 F.3d at 1150.

Here, Petitioner complains that he was not provided with a complete copy of his state court records. He does not identify which remaining portions of the record he requires, nor does he offer why the records are or were necessary for any effective defense or appeal. *See Boyd*, 467 F.3d at 1151. Instead, Petitioner appears to generally challenge the state court's failure to provide him with copies of all existing records in collateral proceedings. Without more, Petitioner has not shown that the denial of records amounted to a denial of due process. Therefore, it cannot be said that the state court was objectively unreasonable in denying relief. Accordingly, the Court will recommend that Ground Two be denied.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011)*; Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on the above analysis, the Court recommends that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 12th day of May, 2014.

Honorable Steven P. Logan
United States Magistrate Judge