IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael Eugene Vickrey,

                Petitioner,

     vs.

Charles L. Ryan, et al.,

                Respondents.

Case No. CV-13-00221-PHX-SLG (SPL)

**ORDER DISMISSING PETITION FOR HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Michael Eugene Vickrey pursuant to 28 U.S.C. § 2254.[1] On May 12, 2014, Magistrate Judge Steven P. Logan issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied.[2] On June 2, 2014, Vickrey filed objections to the R&R.[3]

---

[1] Docket 1 (Pet.).

[2] Docket 11 (R&R).

[3] Docket 20 (R&R Objections).

For the reasons set forth herein, the Court will accept the Magistrate Judge's recommendation to deny the Petition. Accordingly, the Petition will be denied and this action dismissed with prejudice. The Court will also deny a Certificate of Appealability and leave to proceed *in forma pauperis*.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2009, a jury convicted Vickrey of molestation of a child and sexual conduct with a minor.[4] The Arizona Superior Court sentenced Vickrey to eleven years of imprisonment for the molestation count and twenty years of imprisonment for the sexual conduct with a minor count, to be served consecutively.[5]

Vickrey appealed to the Arizona Court of Appeals.[6] The appeal presented three issues:

> I. Whether Appellant's Conviction is Invalid Because the State Failed to Establish Jurisdiction at Any Point in the Trial.
>
> II. Whether the Court Improperly Denied Appellant's Motion to Preclude Wendy Dutton as a Purported Expert Witness.
>
> III. Whether Appellant Was Entitled to a Mitigated Sentence on Count Two.[7]

---

[4] Docket 1 (Pet.).

[5] Docket 11-1, Ex. A (Mem. Dec.). The Court presumes the state court's factual recitation is correct because Vickrey has not contested or "rebutt[ed] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[6] *See* Docket 11-1 at 23, Ex. B (Appellant's Br.).

[7] Docket 11-1 at 23, Ex. B (Appellant's Br.).

On June 11, 2010, the Arizona Court of Appeals affirmed the convictions and sentences.[8] Vickrey did not seek review by the Arizona Supreme Court.[9]

On August 24, 2010, Vickrey filed a Notice of Post-Conviction Relief ("PCR") in the Arizona Superior Court[10] and on July 7, 2011, Vickrey filed a Pro Per Petition for Post-Conviction Relief.[11]  The Pro Per PCR raised three issues:

1. Vickrey has been unable to obtain "a copy of the complete clerk's file";

2. The sexual conduct with a minor count was a lesser included offense to the child molestation count and thus "must be vacated as it activates the double jeopardy clause"; and

3. The consecutive terms were improper under Arizona law because the conduct involved only one victim.[12]

In connection with the first issue, on July 5, 2011, the Superior Court issued an order directing both Vickrey's trial and PCR counsel to "let[ ] the Court know of the whereabouts of the entire contents of the Petitioner's file."[13]  There is no indication in the record before this Court of what, if anything, Vickrey's previous counsel provided to the Superior Court in response to this order.  And there is no indication of any further action

---

[8]  Docket 11-1, Ex. A (Mem. Dec.).

[9]  Docket 11-2, Ex. E (Mandate).

[10] Docket 11-2, Ex. F (Notice).

[11] Docket 11-3, Ex. H (Pet.).

[12] Docket 11-3, Ex. H (Pet.) (citing A.R.S. § 13-705(M)).

[13] Docket 1 (Pet.) at 52 (Notice/Order).

taken by Vickrey in the Superior Court regarding this issue.[14]

On September 15, 2011, the Superior Court denied Vickrey's petition, finding that the double jeopardy and state law sentencing claims could have been raised on direct appeal and were thus precluded.[15] The Superior Court also found that those claims were without merit.[16]

Vickrey then filed a Petition for Review in the Arizona Court of Appeals. On December 28, 2011, that court denied relief, agreeing with the Superior Court that Vickrey's double jeopardy and sentencing claims were precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) because they could have been raised on direct appeal. The Court of Appeals then noted that "[a]lthough the trial court was not required to address the merits of Vickrey's petition, it did so in any event."[17] The Court of Appeals then proceeded to also address the merits of Vickrey's claims under both Arizona law and the double jeopardy clause and found them without merit.[18] Vickrey filed a Petition for Review to the Arizona Supreme Court, which was summarily denied on August 2, 2012.[19]

---

[14] Vickrey's second PCR petition states that his former counsel claimed that certain documents were "work product" and counsel's property. The second PCR petition also asserts that the Superior Court rejected that argument just two days after its initial order. Docket 11-5, Ex. P (Pet.) at 8. However, there is no documentation of the former counsel's alleged claim or a second order from the Superior Court in the record before this Court.

[15] Docket 11-4, Ex. K (Notice/Order).

[16] Docket 11-4, Ex. K (Notice/Order).

[17] Docket 11-4, Ex. M (Mem. Dec.).

[18] Docket 11-4, Ex. M (Mem. Dec.). Vickrey's Petition for Review of this first PCR did not raise the issue of his access to the court file. *See* Docket 1 (Pet.) at 34-51.

[19] Docket 19-2 (Docket Sheet).

Vickrey filed a second Petition for Post-Conviction Relief with the Arizona Superior Court on August 1, 2012, asserting that he had been "depriv[ed] of [his] right to a copy of the complete file."[20] The petition states that the trial court had ordered Vickrey's former counsel to provide him with certain records but that former counsel had failed to do so.[21] The Superior Court dismissed the petition on August 9, 2012, stating that Vickrey had "filed a successive and untimely Notice of Post-Conviction Relief and Petition for Post-Conviction Relief which does not comply with the requirements of Rule 32.2(b)."[22] Vickrey filed a Petition for Review to the Arizona Court of Appeals. On December 13, 2012, that court denied relief, agreeing with the Superior Court that Vickrey's claim

> was not cognizable under Rule 32.1. In addition, his complaints were addressed in the first post-conviction proceeding by the court's ruling related to Vickrey's requests for production of his file. . . . Any complaints about matters regarding the production of Vickrey's file that remained unresolved in the first proceeding could not be raised in a new post-conviction proceeding.[23]

Vickrey filed this Petition for Writ of Habeas Corpus on February 1, 2013.[24] He raises two grounds for relief:

> GROUND ONE: Did the state courts correctly apply the double jeopardy clause of the constitution, be it federal or state . . . as well as various federal case laws . . . .

---

[20] Docket 11-5, Ex. P (Pet.).

[21] Docket 11-5, Ex. P (Pet.).

[22] Docket 11-5, Ex. Q (Notice).

[23] Docket 1 (Pet.) at 14-17 (Mem. Dec. on Pet.). The Court of Appeals stated that Vickrey's complaint regarding access to his file from former counsel should have been pursued in the earlier proceeding in which the Superior Court had ordered that counsel notify that court of the location of Vickrey's file. Docket 1 (Pet.) at 16 (Mem. Dec.).

[24] Docket 1 (Pet.).

> GROUND TWO: Was the Petitioner's right to possess a copy of his complete file prior to filing an appeal violated?[25]

On July 31, 2013, Respondents filed a Limited Answer to the Petition.[26] Respondents assert that "[b]ecause the state courts expressly found both claims precluded under state law, they are procedurally defaulted and not properly before this Court."[27] Vickrey filed a Reply asserting that he had properly exhausted his claims in state court.[28]

On May 12, 2014, the Magistrate Judge issued the R&R, recommending that Vickrey's Petition be denied and dismissed with prejudice.[29] On the first ground, the Magistrate Judge concluded that the claim had been adequately exhausted in the first PCR proceedings, reasoning that "[a]lthough both courts found the claim was precluded, they both also considered its merits."[30] But the Magistrate Judge then found that the claim failed on the merits, agreeing with the state courts that because "Petitioner's convictions each rested on specific and distinct conduct, Petitioner was not punished twice for the same offense under any statute."[31] On the second ground, the Magistrate Judge concluded that the claim had not been raised before the Arizona Court of Appeals

---

[25] Docket 1 (Pet.) at 6-7.

[26] Docket 11 (Answer).

[27] Docket 11 (Limited Answer) at 7.

[28] Docket 17 (Reply).

[29] Docket 19 (R&R).

[30] Docket 19 (R&R) at 13.

[31] Docket 19 (R&R) at 15.

in the first PCR petition. And the Arizona state courts had found Vickrey's second PCR petition to be untimely and thus precluded. Therefore, the second ground had not been properly exhausted in the state courts. The Magistrate Judge also found that a return to state court on that claim would be futile because the time in which Vickrey could seek post-conviction relief under Rule 32.4(a) of the Arizona Rules of Criminal Procedure had passed. The Magistrate Judge also found that Vickrey had not offered "any reason to excuse the default, nor does the record plainly suggest otherwise," nor had he "proffer[e]d any evidence or argument of actual innocence."[32] The R&R therefore recommended a finding that the second ground was procedurally defaulted. But the Magistrate Judge also addressed the merits of Vickrey's second ground for relief, concluding that Vickrey "has not shown that the denial of records amounted to a denial of due process."[33]

On June 2, 2014, Vickrey filed timely objections to the R&R and identified three objections. First, Vickrey asserts with respect to Ground Two that, contrary to the Magistrate Judge's finding, he did raise that claim in the Arizona Court of Appeals.[34] Second, Vickrey asserts that the Respondents' failure to address the merits of Ground One constitutes a "confession of reversible error," such that the Magistrate Judge erred in addressing the merits of that claim.[35] Vickrey's third objection consists of a recitation

---

[32] Docket 19 (R&R) at 16.

[33] Docket 19 (R&R) at 17.

[34] Docket 20 (R&R Objections) at 2.

[35] Docket 20 (R&R Objections) at 3.

of his prior arguments on the merits of both claims.[36]

## STANDARD OF REVIEW

In accordance with the provisions of 28 U.S.C. § 636(b)(1), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[37]  However, a court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[38]  But, "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[39]

## DISCUSSION

### I. Legal Standards

The R&R thoroughly sets out the applicable law on the standards for habeas relief, as well as the law on exhaustion and procedural default.[40]  "A federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine.  Exhaustion and procedural bar are closely related, but distinct, doctrines."[41]  As discussed by the Magistrate Judge, "[a] claim may . . . be procedurally defaulted and barred from federal review if it was

---

[36] Docket 20 (R&R Objections) at 3-9.

[37] 28 U.S.C. § 636(b)(1)(C).

[38] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(C)) (emphasis omitted).

[39] *Reyna-Tapia*, 328 F.3d at 1121.

[40] Docket 19 (R&R) at 6-13.

[41] *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011).

actually raised in state court, but found by that court to be defaulted on an adequate and independent state procedural ground, such as waiver or preclusion."[42] A petitioner may overcome procedural default if he "can demonstrate either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice."[43]

## II.    Ground One

Vickrey argues in his Petition that his convictions and sentences violate double jeopardy principles because child molestation is a lesser included offense of sexual conduct with a minor.[44] The Arizona Superior Court and Court of Appeals found that this claim was precluded under Arizona Rule of Criminal Procedure 32.2(a)(3), which bars a party from raising claims that could have been, but were not, raised in earlier proceedings.[45] Respondents assert in their Answer that this claim is thus procedurally defaulted. On this point, the Magistrate Judge disagreed with the Respondents and found that the claim had been properly exhausted because in the first PCR, both the Superior Court and the Court of Appeals had addressed the double jeopardy claim on its merits as

---

[42] Docket 19 (R&R) at 12 (citing *Beard v. Kindler*, 558 U.S. 53 (2009)).

[43] *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal quotation marks omitted).

[44] Docket 1 (Pet.) at 6, 12-13.

[45] Docket 11-4, Exs. K (Notice/Order) & M (Mem. Dec.).

an alternative basis for their decisions.[46] The Magistrate Judge then considered the merits and recommended that Ground One be denied.[47]

The Court disagrees with the R&R's analysis on whether Ground One is procedurally barred. The Magistrate Judge concludes that because the Arizona state courts considered the merits of Vickrey's claim as an alternative basis for their holding, "Petitioner properly exhausted his claims in ground one."[48] In so concluding, the Magistrate Judge relied in the R&R on two cases that held that exhaustion had been satisfied when the state court considered the merits of the claim.[49] But in neither of those cases did the state court also rely on a procedural bar under state law in dismissing the petitioner's claims.[50] In this regard, this Court reads the Respondents' Limited Answer to be asserting not that Vickrey failed to exhaust his claims, but rather that those claims were precluded by an independent and adequate state procedural bar.[51] If a state court finds a procedural bar under state law but also addresses the merits of the underlying claim, the alternative merits ruling does not vitiate the independent state procedural bar.[52]

---

[46] Docket 19 (R&R) at 13-14.

[47] Docket 19 (R&R) at 14-15.

[48] Docket 19 (R&R) at 13.

[49] Docket 19 (R&R) at 13-14.

[50] *See Cooper v. Nevin*, 641 F.3d 322 (9th Cir. 2011); *Greene v. Lambert*, 288 F.3d 1081 (9th Cir. 2002).

[51] Docket 11 (Limited Answer) at 6-9.

[52] *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000) ("[I]f the state court's reliance upon its procedural bar rule was an independent and alternative basis for its denial of the petition, review on the merits of the petitioner's federal constitutional claims in federal court is precluded." (citing, *inter alia*, *Harris v. Reed*, 489 U.S. 255, 263 n.10 (1989))).

The Ninth Circuit has held that "[p]reclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits.'"[53] The Court therefore finds that Ground One is procedurally defaulted.[54]

As noted above, and as discussed by the Magistrate Judge, a "procedurally defaulted claim may not be barred from federal review if the petitioner can demonstrate either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice."[55] The Respondents raised procedural default in their Limited Answer and discussed the standard under which a petitioner can overcome procedural default.[56] In his Reply, Vickrey did not try to demonstrate cause for the failure to raise this issue on direct appeal, but rather simply asserted that he "in good faith, sought every means to remedy these claims at the state level before filing his petition for writ of habeas corpus."[57] This is insufficient to demonstrate cause for the procedural default.[58] Nor has

---

[53] *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008) (quoting *Stewart v. Smith*, 536 U.S. 856, 860 (2002)).

[54] Because the Court does not reach the merits of Vickrey's double jeopardy claim, it does not reach Vickrey's argument in his objections to the R&R that Respondents' failure to address the merits in their Limited Answer "constitutes a confession of reversible error." Docket 20 (R&R Objections) at 2-3.

[55] Docket 19 (R&R) at 12 (quoting *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (internal quotation marks omitted)).

[56] Docket 11 (Limited Answer) at 8-9.

[57] Docket 17 (Reply) at 2-3.

[58] *See Tarver v. Washington*, 279 F. App'x 505, 506 (9th Cir. 2008) (rejecting petitioner's contention that lack of access to legal materials and a law library constituted cause for failure to exhaust and procedural bar). *See also High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) ("Cause

Vickrey asserted that failure to consider his claim will result in a fundamental miscarriage of justice, which, as the Magistrate Judge discussed, requires a showing "that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense."[59] Because Vickrey has made no such claim or showing, he has not overcome the procedural bar.

## III.  Ground Two

Vickrey's second ground for habeas relief asserts that his "right to possess a copy of his complete file prior to filing an appeal" was violated.[60] This claim was presented to the Arizona Superior Court in Vickrey's first PCR petition.[61] But, as the Magistrate Judge correctly notes in the R&R, Vickrey did not pursue the claim in his appeal of that petition to the Arizona Court of Appeals.[62] Therefore, the claim was not exhausted in the first PCR petition. Vickrey did raise this claim in his second PCR petition, but that petition was found to be untimely by both the Superior Court and the Court of Appeals under Arizona Rule of Criminal Procedure 32.2.[63] Vickrey's objection cites to the second, precluded, petition for post-conviction relief, rather than to the original petition.[64] But that untimely

---

in an external impediment such as government interference or reasonable unavailability of a claim's factual basis.").

[59] Docket 19 (R&R) at 13 (quoting *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted)).

[60] Docket 1 (Pet.) at 7.

[61] Docket 11-3, Ex. H (Pet.) at 7-8.

[62] Docket 19 (R&R) at 16; Docket 1 (Pet.) at 34-51 (Pet. to Court of Appeals).

[63] Docket 11-4, Ex. Q (Ruling on Mots.); Docket 1 (Pet.) at 14-17 (Mem. Dec.).

[64] Docket 20 (R&R Objections) at 2.

second PCR petition will not satisfy the exhaustion requirement. Therefore, Ground Two was not properly exhausted in state court.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Magistrate Judge's Report and Recommendation filed May 12, 2014 is ACCEPTED, as modified herein, and the Petition for Habeas Corpus is DENIED and DISMISSED WITH PREJUDICE.

2. A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Vickrey has not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2)[65] and any appeal would not be taken in good faith.[66] Any request for a Certificate of Appealability must be addressed to the Court of Appeals.[67]

3. The Clerk of Court shall enter a final judgment accordingly.

DATED this 24th day of November, 2014

/s/ Sharon L. Gleason
United States District Judge

---

[65] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)). While reasonable jurists may differ as to the applicability of the procedural default rules in this case, that dismissal of the first ground is warranted, whether under the Court's reasoning or the Magistrate Judge's finding on the merits, cannot reasonably be debated.

[66] *See* Fed. R. App. P. 24(a).

[67] Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.